977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco AVINA, Plaintiff-Appellee,
v.
CITY OF INGLEWOOD, Defendant,
and
Edward ECCLES; Phillip F. Colonnelli; Brian Boyd; William
Sidall; George D. Sanford; Alexander Perez;
Mark Fronterotta; Lawrence Marino;
Raymond L. Johnson;
Defendants-Appellants.
 No. 91-56209.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Oct. 9, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Avina sued the City of Inglewood, its chief of police, and eight police officers, under 42 U.S.C. 1983, for violations of his civil rights. Defendants' motions for summary judgment were denied, but the case has not yet gone to judgment. The police chief and officers claim that they were entitled to immunity; the City was not listed on the notice of appeal and is not a party before us. After examining the record, we conclude that the appellants' motion was on the merits, and did not fairly present the immunity issue to the district court. That leaves us without jurisdiction over this interlocutory appeal, so we dismiss the appeal.
 
 
 3
 Appeal generally lies only from a final judgment of the district court. See 28 U.S.C. § 1291. But Mitchell v. Forsyth, 472 U.S. 511 (1985), holds that the denial of a motion for summary judgment based on qualified immunity is a collateral order appealable under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under Mitchell, the procedure is as follows:
 
 
 4
 Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.
 
 
 5
 472 U.S. at 526.
 
 
 6
 If the defendants had moved for summary judgment based on qualified immunity, fairly presenting immunity to the district court, and the motion had been denied, we would have jurisdiction to review the denial. The motion, though, did not fairly present that issue. The forty page brief submitted in district court covers eight points. The first seven go to the merits of Avina's claims, not immunity. Only the eighth argument addresses immunity. This two page section of the brief at pages 38-39 does not fairly present the issue to the attention of the district court.
 
 
 7
 The argument heading says that the courts have a "policy" of granting summary judgment to police officers who may be entitled to immunity when presented with a conclusory complaint unsupported by evidence. The argument consists exclusively of quotations from Anderson v. Creighton, 107 S.Ct. 3034 (1987), explaining the general purposes of the doctrine of qualified immunity.
 
 
 8
 "[Q]ualified immunity is an affirmative defense, and the burden of proving the defense lies with the official asserting it." Houghton v. South, 965 F.2d 1532, 1536 (9th Cir.1992). The defendants had the burden of providing the court with evidence cognizable under Federal Rule of Civil Procedure 56(c) which would if uncontradicted suffice to prove the defense. The brief would have to tell the district judge where to look in the exhibits for the relevant evidence, and show how the evidence established the defense. The argument was buried at the back of the brief with no discussion at all of how the principles of qualified immunity doctrine applied to the facts of the case before the court. No exhibits or other evidence cognizable under Federal Rule of Civil Procedure 56(c) were cited in support of the proposition that the defendants were entitled to immunity. No references were made to any evidentiary material submitted with the motion.
 
 
 9
 The general rule is that "we will decline to review an issue not clearly raised in the district court unless necessary to prevent manifest injustice." Partington v. Gedan, 880 F.2d 116, 130 (9th Cir.1989). Although there are a number of exceptions to that rule, none of the exceptions apply.
 
 
 10
 In these circumstances, we understand the district court order denying the cross motions for summary judgment to be addressed to the merits, since that is what the briefs and exhibits seriously addressed. We do not reach the question of whether the district court ruled correctly on the merits, because we have no jurisdiction to do so, in the absence of a final judgment.
 
 Sanctions
 
 11
 Avina seeks a fee award against the appellants for pursuing a frivolous appeal. Avina cites Rule of Appellate Procedure 38, which provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." This appeal is not frivolous. We deny the claim for a fee award.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3